FILED

2008 Aug-25  AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **LARRY H. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. CV 08-B-1080-NW** |
| | ) | |
| **MUSCLE SHOALS MINERALS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION

The case is currently pending before the court on the parties' Joint Motion for Approval of Settlement Agreement, (doc. 4).[1]  For the reasons set forth below, the court finds that the joint motion is due to be granted, and that all claims in the case are due to be dismissed with prejudice.

Plaintiff Larry H. Smith ("Smith") alleged in his complaint that his former employer, defendant Muscle Shoals Minerals, Inc. ("MSM"), willfully failed to pay him appropriate overtime compensation in violation of § 207(a) of the Fair Labor Standards Act ("FLSA").  (Doc. 1 at ¶¶ 6–11.)  The parties' settlement agreement, attached to their joint motion, resolves all claims, both FLSA-related and otherwise, between Smith and MSM, and it also stipulates that all claims related to the present lawsuit be dismissed with prejudice, with each party to bear his or its own costs.  (Doc. 4 at 4.)  In this settlement,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

MSM also agrees to pay Smith a total sum of $25,000, representing $4,447.04 in compensatory damages, $14,552.96 in back pay, and $6,000 in costs, expenses, and attorney's fees.  (*Id.* at 5.)

Because of the inequalities in bargaining power between employers and employees, settlements of claims for back pay brought by an employee pursuant to the FLSA are permissible in only two contexts: 1) with payments supervised by the Department of Labor, or 2) with "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores, Inc v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *cf. Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 714 (1945), *reh'g denied*, 325 U.S. 893 (1945) (declining to decide the validity of agreements between an employer and employee to settle claims arising under the FLSA where the settlements are the result of bona fide disputes).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (quoting *Lynn's Food Stores*, 679 F.2d at 1354) (concluding that the settlement before the court was a fair and reasonable resolution of bona fide disputes over FLSA provisions).

Based on the court's review of the record as well as the parties' settlement agreement itself, the court finds that the proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute.

An Order granting the parties' Joint Motion for Approval of Settlement Agreement, (doc. 4), and dismissing all claims with prejudice, with each party to bear his or its own costs, expenses, and attorney's fees, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 25th day of August, 2008.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE